UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

KATIE SIRCHER,

       Plaintiff,

   v.

EATON COUNTY,

       Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## C O M P L A I N T

Plaintiff Katie Sircher alleges the following for her complaint against Defendant Eaton County.

### NATURE OF THE CASE

1. This is an employment case about sex and gender harassment and discrimination, retaliation, and an employer's constructive discharge of an employee after she reported a supervisor's sexual harassment and physical assault.

2. Plaintiff Katie Sircher worked for Defendant at the Eaton County Public Defender's Office where she encountered harassment and discrimination from a senior male attorney because of her sex and gender.

3. Sircher reported the harassment and discrimination to Defendant, and she repeatedly asked that the county do something to end the harassment, protect her, and allow her

to safely perform her job. Defendant refused.

4.     The harassment and discrimination continued and became so severe that it caused Sircher to take emergency medical leave to seek mental health treatment for severe anxiety and trauma.

5.     When Sircher returned to work, Defendant's leadership ostracized her, stripped her of her investigative duties, uninvited her from staff meetings, and lied to clients about her employment status to sabotage her ability to testify in court.

6.     Due to Defendant's harassment, discrimination, and retaliation, Sircher was forced to resign for her own physical and mental safety, and she has suffered damages that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

### PARTIES, JURISDICTION, AND VENUE

7.     Plaintiff Katie Sircher is an individual who resides in Berrien County, Michigan.

8.     Defendant Eaton County is a body politic organized under the laws of the State of Michigan and operates the public defender's office located in Eaton County, Michigan.

9.     The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. Fed. R. Civ. P. 4(k)(1)(A).

10.    The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. Title VII also independently provides for subject matter jurisdiction in the United States courts. 42 U.S.C. § 2000e–5(f)(3).

11.    The Court has supplemental jurisdiction over the state law claims asserted in the complaint under Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

12.     Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

### GENERAL ALLEGATIONS

13.     Sircher worked for Defendant as a senior criminal defense investigator from June 12, 2023, until the constructive termination of her employment on January 31, 2025.

14.     Sircher is a female.

15.     Defendant's male senior assistant public defender, Jeffrey Kaplan, harassed Sircher because of her sex and gender. Kaplan subjected Sircher to unwelcome sexual advances, inappropriate late-night text messages, and demands for her personal time.

16.     Kaplan was third-in-command at the office and exercised supervisory authority over Sircher. Kaplan had the actual authority to direct her daily assignments, significantly alter her workload, and unilaterally reassign her to different responsibilities.

17.     In August 2024, the harassment escalated to physical battery when Kaplan cornered Sircher in a back-conference room, trapped her in a forced embrace, and forcibly kissed her against her will. Sircher explicitly told him to stop and pushed him away.

18.     When Sircher rejected his sexual advances and refused his demands to work unpaid overtime over the weekend to get her alone, Kaplan retaliated by removing Sircher from a major criminal investigation and disparaging her professional reputation to other staff members.

19.     Sircher reported the harassment, physical assault, and retaliation to Defendant's leadership, including chief public defender Timothy Havis and human resources director Ben Dawson, and she requested that they make the harassment stop.

20.     Defendant took no effective action to end the harassment and discrimination that Sircher faced in Defendant's workplace. Instead, Dawson responded with hostility and blamed Sircher for the situation.

21.    The harassment and discrimination Sircher suffered was so severe and pervasive that she had to take an emergency medical leave of absence starting September 28, 2024, to seek treatment and therapy.

22.    Sircher returned to work on January 2, 2025. Upon her return, Defendant's leadership ostracized her.

23.    Chief Havis sent Sircher an email formally uninviting her from all future staff meetings so that her abuser, Kaplan, could attend without his working relationships being interrupted.

24.    Chief Havis also lied to a client whose case Sircher had investigated for over a year, falsely telling the client that Sircher no longer worked for the county to prevent her from testifying in court.

25.    On January 17, 2025, after realizing that Defendant would never protect her and that her working conditions would never improve, Sircher had no choice but to resign her employment.

26.    Sircher filed a charge of discrimination against Defendant and has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.    Sircher repeats and incorporates all the previous allegations in her complaint.

28.    Defendant subjected Sircher to different terms and conditions of employment in comparison to male employees or in comparison to employees who had not been harassed based on their sex and gender.

29.    Defendant constructively terminated Sircher's employment.

30.     Sircher's sex and gender were motivating factors in Defendant's decision to treat her differently in connection with the terms and conditions of her employment and in Defendant's decision to end her employment.

31.     Sircher suffered damages as a result of Defendant's discrimination that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 2

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

32.     Sircher repeats and incorporates all the previous allegations in her complaint.

33.     Sircher engaged in activity protected by Title VII when she, among other things, opposed the harassment and discrimination that she endured in Defendant's workplace.

34.     Defendant knew about Sircher's opposition and protected activity.

35.     Defendant treated Sircher differently in connection with the terms and conditions of her employment and constructively terminated Sircher's employment.

36.     Defendant would not have taken these adverse actions against Sircher but for her protected activity.

37.     Sircher suffered damages as a result of Defendant's retaliation that include but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 3

### HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

38.     Sircher repeats and incorporates all the previous allegations in her complaint.

39.     Sircher was subjected to communications and conduct based on her sex and gender.

40.     The communications and conduct were hostile and unwelcome.

41.     Sircher was subjected to a hostile work environment and otherwise treated differently than other employees because of her sex and gender.

42.     Defendant was legally responsible for the work environment that was hostile to Sircher because of her sex and gender.

43.     The hostile work environment Sircher endured was so severe or pervasive so as to alter the terms and conditions of her employment by creating a hostile and abusive working environment.

44.     Defendant knew about the conduct Sircher was subjected to and failed to implement reasonably prompt and appropriate corrective actions to end the harassment.

45.     Sircher suffered damages as a result of Defendant's harassment that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 4
### DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

46.     Sircher repeats and incorporates all the previous allegations in her complaint.

47.     Defendant subjected Sircher to different terms and conditions of employment in comparison to male employees or in comparison to employees who had not been harassed based on their sex and gender.

48.     Defendant constructively terminated Sircher's employment.

49.     Sircher's sex and gender were the motives or reasons which made a difference in Defendant's decision to treat her differently in connection with the terms and conditions of her employment and in Defendant's decision to end her employment.

50. Sircher suffered damages as a result of Defendant's discrimination that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 5

### RETALIATION IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

51. Sircher repeats and incorporates all the previous allegations in her complaint.

52. Sircher engaged in activity protected by Michigan's Elliott-Larsen Civil Rights Act when she, among other things, opposed the repeated harassment, discrimination, and violations of the Act that she endured in the workplace.

53. Defendant knew about Sircher's opposition and protected activity.

54. Defendant treated Sircher differently in connection with the terms and conditions of her employment and constructively terminated Sircher's employment.

55. There was a causal connection between Sircher's protected activity and the adverse employment actions Defendant took against her.

56. Sircher suffered damages as a result of Defendant's retaliation that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 6

### HARASSMENT IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

57. Sircher repeats and incorporates all the previous allegations in her complaint.

58. Sircher was subjected to communications and conduct based on her sex and gender.

59. The communications and conduct were hostile and unwelcome.

60. Sircher was subjected to a hostile work environment and otherwise treated differ-

ently than other employees because of her sex and gender.

61.    Defendant was legally responsible for the work environment that was hostile to Sircher because of her sex and gender.

62.    Sircher's sex and gender were the motives or reasons which made a difference in Defendant's decision to harass Sircher, and her sex and gender made a difference in Defendant's decision to allow the harassment to continue and its failure to take appropriate measures to end it.

63.    Sircher suffered damages as a result of Defendant's harassment that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## JURY DEMAND

64.    Sircher demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

65.    Plaintiff Katie Sircher requests that the Court enter a judgment in her favor and against Defendant Eaton County in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

66.    Sircher requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

KATIE SIRCHER

Dated: April 13, 2026

By:    /s/  Mark S. Wilkinson
Mark S. Wilkinson (P68765)
*Attorney for Plaintiff*
PALADIN EMPLOYMENT LAW PLLC
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com